UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BULKIN,<br><br>              Plaintiff,<br><br>     v.<br><br>V. OCHOA, et al.,<br><br>              Defendants. | CASE No. 1:13-cv-00388-AWI-DLB (PC)<br><br>FIRST SCREENING ORDER, DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

**I.  Background**

Plaintiff Keith Bulkin ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff filed his original complaint on March 18, 2013, and is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff is incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names correctional officers V. Ochoa (driver), E. Mares (navigator), and M. Alvarez (supervisor on duty) as defendants in this action.

Plaintiff alleges the following. On February 24, 2011, Defendants recklessly, intentionally, and deliberately created an unsafe and dangerous condition by refusing to provide Plaintiff with a seatbelt in a transportation vehicle. Defendants provided other prisoners in the vehicle with seatbelts but refused Plaintiff's request for one. Defendants responded that Plaintiff had "lost the privilage[sic] to have a seatbelt."

Additionally, Defendant Ochoa drove the vehicle in a reckless manner and increased the likelihood of injury or death. As a result, Plaintiff was thrown from his seat while he was in full body restraints ("handcuffs locked to belly chain and manacles on feet"). Plaintiff sustained serious injuries to his neck, back, and head, including, but not limited to a concussion, neck sprain, cervical damage, back sprain, sciatic nerve and cervical nerve damage.

Plaintiff requests compensatory and punitive damages as relief.

## III. Analysis

A. <u>Eighth Amendment—Conditions and Confinement</u>

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

2

Punishment Clause depends upon the claim at issue. . . ." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Hudson*, 503 U.S. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id.* at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, the Court finds that Plaintiff fails to state a conditions and confinement claim, in violation of the Eight Amendment. Plaintiff has no constitutional right to seat belts. *See, e.g., Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir.1999) ("[E]ven using an objective standard, we do not think that the Board's purchase of patrol wagons without safety

3

restraints nor its manner of transporting individuals in these wagons were policies that obviously presented a 'substantial risk of serious harm.' "), cert. denied, 528 U.S. 1157, 120 S.Ct. 1165, 145 L.Ed.2d 1076 (2000); *Dexter v. Ford Motor Co.*, 92 Fed. Appx. 637, 641 (10th Cir.2004) ("[A] failure to seatbelt does not, of itself, expose an inmate to risks of constitutional dimension."); *Wilbert v. Quarterman*, 647 F.Supp.2d 760, 769 (S.D.Tex.2009) ("[A]n allegation of simply being transported without a seatbelt does not, in and of itself, give rise to a constitutional claim."); *Carrasquillo v. City of New York*, 324 F.Supp.2d 428, 437 (S.D.N.Y.2004) ("[F]ailure to provide seatbelts to prisoners is not a constitutional violation under § 1983."); *King v. San Joaquin County Sheriff's Dep't*, 2009 WL 577609, *4 (E.D. Cal. 2009) ("[A] prison's or jail's failure to equip a van or bus with seatbelts for the prisoners does not rise to the level of deliberate indifference as a matter of constitutional law."), adopted by, 2009 WL 959958 (E.D. Cal. 2009). Accordingly, Plaintiff fails to state a deliberate indifference claim under the Eighth Amendment.

  B. <u>State Law Claims—Negligence</u>

Plaintiff's allegations of Defendant Ochoa's reckless driving may amount to a negligence claim, which is a state law claim. California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has not alleged compliance with the Tort Claims Act and therefore fails to state a claim for negligence against any defendants.

**IV.     Conclusion and Order**

Plaintiff's Complaint fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

3.      Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

///

///

///

///

5

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 13, 2013**         /s/ *Dennis L. Beck*
                                     UNITED STATES MAGISTRATE JUDGE