UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BULKIN,<br><br>            Plaintiff,<br><br>     v.<br><br>V. OCHOA, et al.,<br><br>            Defendants. | No. 1:13-cv-00388 DAD DLB PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT , AND REFERRING THE MATTER BACK TO THE ASSIGNED MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS<br><br>(Doc. Nos. 28, 45) |

Plaintiff Keith Bulkin is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 18, 2013. (Doc. No. 1.)  This case is proceeding on plaintiff's first amended complaint against defendants Ochoa, Mares, and Alvarez on plaintiff's claim that the conditions of his confinement violate his rights under the Eighth Amendment.

On July 2, 2015, defendants Mares and Alvarez filed the instant motion for summary judgment based on plaintiff's alleged failure to exhaust his claim prior to bringing suit as required.  (Doc. No. 28.)  Plaintiff filed his opposition on August 31, 2015, (Doc. No. 33), and defendants filed a reply on September 3, 2015.  (Doc. No. 38.)  On February 25, 2016, the assigned magistrate judge issued findings and recommendations recommending that defendants'

1

motion for summary judgment be granted and plaintiff's claims against defendants Mares and Alvarez be dismissed without prejudice due to plaintiff's failure to exhaust his claim prior to filing suit against them. (Doc. No. 45.) The findings and recommendations were served on all parties and contained notice that any objections were to be filed within thirty days. Over thirty days have passed and no party has filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court adopts in part and rejects in part the findings and recommendation in lieu of the Ninth Circuit's recent decision in *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016).

Prior to *Reyes*, a prisoner in California would be deemed to have failed the administrative exhaustion requirements of the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, if he or she did not "list all staff member(s) involved" in a grievance, as required by California Department of Corrections and Rehabilitation ("CDCR") administrative grievance process. Cal. Code Regs., tit. 15, § 3084.2 (2014). But with the decision in *Reyes*, the Ninth Circuit now no longer requires such strict adherence to procedural rules under all circumstances. Rather, "a prisoner exhausts such administrative remedies as are available under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Reyes*, 810 F.3d at 658.

Here, the assigned magistrate judge recommended granting defendants' motion for summary judgment on two grounds. First, the magistrate judge noted plaintiff did not name defendants Mares and Alvarez in his initial inmate grievance, and thus failed to adhere to the CDCR's procedural requirements that all staff members involved in an incident be named and their involvement described. Cal. Code. Regs. tit. 15 § 3084.2(a). Second, the magistrate judge also found plaintiff did not raise his "failure to train" claim against defendant Alvarez until the third level of review on his inmate appeal. According to that analysis, by not raising the claim at prior levels of appeal, plaintiff failed to adhere to the requirements of § 3084.1 of the California Code of Regulations, warranting dismissal under the PLRA.

The undersigned declines to adopt the magistrate judge's recommendation that the reckless endangerment claims against defendants Mares and Alvarez be dismissed because of plaintiff's failure to name those defendants in his initial inmate grievance. At all levels of plaintiff's appeal, prison officials addressed this claim on the merits, thereby voiding their ability to later pursue a procedural bar against this claim. *See Reyes*, 810 F.3d at 657 ("[W]hen prison officials address the merits of a prisoner's grievance instead of enforcing a procedural bar, the state's interests in administrative exhaustion have been served."). Prison officials showed they had been alerted to the problem, knew of the actors involved—including Mares and Alvarez, and had been given the opportunity to rectify the alleged wrong through internal means. *See id*. at 659 ("The grievance process is only required to 'alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'") (quoting *Jones v. Bock*, 549 U.S. 199, 219 (2007)). The intent of the PLRA being fulfilled, *id*. at 657, this court finds defendants cannot now seek dismissal of plaintiff's claim by exploiting his failure to adhere to § 3084.2 by specifically naming defendants Mares and Alvarez in his inmate grievance.

However, the undersigned concludes that *Reyes* does not apply so as to save plaintiff's "failure to train" claim against Alvarez from dismissal. The court in *Reyes* explicitly required that the merits of a claim be reviewed "at *all available levels* of administrative review . . . ." *Id*. at 656 (emphasis added). While it may under certain circumstances allow a prisoner's claim to survive a procedural bar, the holding in *Reyes* does not appear to abrogate a prisoner's need to "exhaust all 'available' remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Under the decision in *Reyes,* prisoners do not now have the right to ignore the procedural requirements of the CDCR's grievance process; rather, the state now has the ability to waive—whether purposefully or inadvertently—certain procedural defaults based upon their own regulations. This ability to waive a procedural default ripens only if "prison officials ignore the procedural problem and render a decision on the merits of the grievance *at each available step* of the administrative process." *Reyes*, 810 F.3d at 658. Because plaintiff waited to raise his "failure to train" claims until the third and final level of review, prison officials were not able to decide the merits of the claim at each available step. Therefore, the undersigned court adopts the magistrate judge's

recommendation that the failure to train claims against Alvarez be dismissed without prejudice.

Accordingly,

1. The findings and recommendations, filed February 25, 2016, are adopted in part;

2. Defendants' motion for summary judgment (Doc. No. 28) is granted in part and denied in part, as follows: (a) summary judgment is granted in favor of defendant Alvarez with respect to plaintiff's failure to train claim and that claim is dismissed without prejudice due to plaintiff's failure to exhaust prior to bringing suit as required; (b)  summary judgment in favor of defendants is denied with respect to plaintiff's reckless endangerment claims against defendants Mares and Alvarez; and

3. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 31, 2016**                                   /s/ Dale A. Drozd
                                                            UNITED STATES DISTRICT JUDGE