# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BULKIN,<br><br>            Plaintiff,<br><br>      vs.<br><br>V. OCHOA, et al.,<br><br>            Defendants. | Case No.: 1:13-cv-00388 DAD DLB PC<br><br>**ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER**<br>[ECF No. 49]<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br>[ECF No. 49] |

   Plaintiff Keith Bulkin is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

   On April 22, 2015, the Court issued a discovery and scheduling order which set the deadline for conducting discovery to September 8, 2015, and the dispositive motion deadline to November 5, 2015.  On August 28, 2015, the Court found good cause to grant Defendants' motion to modify the scheduling order and set the discovery cut-off for December 8, 2015, and the dispositive motion deadline for February 5, 2016.  Discovery closed on December 8, 2015.  On February 1, 2016, the Court found good cause to grant Defendants' request to extend the dispositive motion deadline to May 6, 2016.  On April 21, 2016, Defendants filed a motion for summary judgment.

On May 9, 2016, Plaintiff filed the instant motion to modify the scheduling order. Plaintiff complains of various unspecified lockdowns as well as a general lack of legal training. He further claims he was separated from his personal property for an unidentified period of time. He requests an extension of time to conduct additional discovery and to file an opposition to Defendants' motion for summary judgment.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

The Court does not find good cause to extend the discovery cut-off deadline. Discovery closed six months ago and Plaintiff only now comes with his request for modification in order to conduct additional discovery. Lack of legal training is not a unique circumstance since almost all prisoners are untrained in the law. The unspecified lockdowns and period of time Plaintiff was separated from his personal property do not excuse the six month gap between the close of discovery and Plaintiff's instant request for modification. Surely, Plaintiff could have alerted the Court to his need for an extension before six months had passed. Thus, the Court finds Plaintiff failed to act diligently.

Plaintiff also requests an extension of time to file an opposition to Defendants' motion for summary judgment. On May 18, 2016, the Court granted Plaintiff's first request for extension of time to file opposition. The Court finds good cause to grant a second extension.

///
///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's request to modify the Discovery and Scheduling Order is DENIED;

2) Plaintiff's second request for extension of time to file an opposition is GRANTED; and

3) Plaintiff is GRANTED thirty days from the date of service of this order to file his opposition.

IT IS SO ORDERED.

Dated: **June 8, 2016**                                    /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE